## WILLIAM FERRELL *v.* THE STATE.

1. RECORD ON APPEAL.—Appellant in a murder case moves this court to reverse his conviction and grant him a new trial, because the court below and the counsel there for himself and the state omitted and neglected to make out a statement of facts for the revision of the case on his appeal; and in support of his motion files affidavits, and exhibits a certified copy of a proceeding instituted by him in the court below, at the next term after his trial, to have a statement of facts made out, etc. *Held*, that, as an original proceeding here, this court has no authority to grant the motion; and, in so far as it relates to the proceeding in the court below at the term subsequent to the trial, the matter is not before this court in any legitimate mode. Neither the motion nor the accompanying documents constitute any part of the record of this cause.

2. STATEMENT OF FACTS.—With the close of the term at which the trial was had, the entire case passed beyond the control of the court below, leaving it powerless to supply the statement of facts, which, by requirement of law, should have been made during the term at which the case was tried.

3. PRACTICE IN THIS COURT.—Since the organization of this court it has followed the long-settled practice of the supreme court in declining to revise the charge of the court below, or the sufficiency of the evidence to support the verdict, when no statement of facts is brought up in the record; nor will the admission or exclusion of evidence by the court below be revised, unless a bill of exceptions was duly reserved, and is brought up in like manner. An exception to these rules may exist in a felony case, when it appears that the conviction was not in due course of law, and the error neither waived by the party nor cured by the verdict.

APPEAL from the District Court of Hill. Tried below before the Hon. D. M. PRENDERGAST.

This case was before the supreme court, on a former appeal, and is reported in 43 Texas, 503.

*Amzi Bradshaw*, for the appellant, made a forcible appeal for a new trial on account of the omission to prepare a statement of facts, citing *Trammell* v. *The State*, 1 Texas Ct. of App. 121.

*George McCormick*, Assistant Attorney General, for the State, predicted that, if the precedent was established solic-

ited by the appellant, the practice would become popular-
among prisoners' counsel of neglecting to prepare statements
of facts in bad cases ; and he strongly distinguished this case
from *Trammell* v. *The State.*

WINKLER, J. The appellant was tried and convicted of
murder in the second degrèe, and his punishment assessed
at confinement in the penitentiary for a term of twenty-five
years.

A motion was made for a new trial, based on the following
grounds, to wit :

1st. The court erred in the charge to the jury.

2d. The court erred in permitting Mrs. Louisa Sternbridge
to testify to conversations had with Mrs. Martha A. Gray
and deceased, Martha Gray, on Saturday, before the shoot-
ing of deceased on Tuesday.

3d. The verdict of the jury was contrary to law and the
evidence.

The transcript contains no bill of exceptions to any
ruling of the court, or to anything which transpired during
the trial ; and there is no statement of facts in the record.

Since this appeal was taken, the following motion has
been made in this court :

" And now at this term of the court comes the appellant
in the above-entitled cause, and moves the court to reverse
the judgment of the lower court and grant him a new trial—

" 1st. Because there is no statement of facts embodied in
the transcript, as required by law.

" 2d. Because of the negligence, and carelessness, and false
promises of his counsel, and the poverty of appellant, no
statement of facts has been made out by him.

" 3d. Because of the neglect of the district attorney to pre-
pare a statement of facts ; and because of the obstinacy,
and unjust and illegal rulings, of the district judge in over-
ruling appellant's motion to obtain a perfect transcript of the

statement of facts in this case for your honors' revision. All of which will more fully appear by reference to exhibit A, hereto attached and made part of this motion.''

The document attached to the motion set out above contains —

1st. An affidavit of the appellant, purporting to have been filed in the district court of Hill county, to the December term, to wit, on December 12, 1876, in which he states in substance that at the last term of the court he was unable to pay, and is still unable to pay, his counsel anything for their services. He says that, after his trial at the last term of the court, his counsel, naming them, visited him in jail, and it was agreed that one of his said counsel, naming him, might go home, and that the other two, naming them, agreed to prepare the case for the supreme court; but he says that one of the last-mentioned two, naming him, affiant is informed and believes, left the place soon after said agreement, and that the other of the two, naming him, wholly refused to prepare said case for the supreme court — although affiant begged, implored, and importuned him so to do — because affiant was unable to pay him. Affiant further states that he endeavored to get other counsel to prepare his case for the supreme court, and failed to do so.

2d. An affidavit of one of the counsel in support of the appellant's affidavit.

3d. A. motion based on the two affidavits, made at the November term, 1876, of the district court, filed simultaneously with the affidavit; in which the mover states "that because of his poverty he has been unable to have his case properly prepared for the supreme court," referring to said affidavits in support of the statements, and proceeding as follows: " Wherefore defendant moves the court to order a statement of the facts in his case, made out and embodied in the transcript, and forwarded to the supreme court for their revision.''

4th. The action of the district court on the motion, which is stated as follows: " As no statement of facts in this case has ever been presented to this court by the defendant or counsel for defendant or state, therefore said motion is by the court overruled."

5th. The certificate of the clerk " that the above and foregoing contains a true and correct copy of all the proceedings had in the district court in said cause since the trial of said cause at the May term thereof, A. D. 1876."

The whole proceeding with regard to the motion, as presented here and in the district court, is extraneous, and forms no part of the record of the case. As an original application, this court has no right to grant it. As it was presented in the district court, and respecting the action of that court upon it, the subject is not presented here in any such way as that this court can revise the action of the district court. After the expiration of the term of the court at which the trial was had, the whole case passed beyond the control of the district court, and it had no power over the subject of a statement of facts, which the law required to be prepared during the term.

The motion must be refused.

Returning to the consideration of the case as presented by the record—and by the record alone it must be tried— and recurring again to the motion for a new trial, it will be seen that the questions raised cannot be inquired into, for the reason that, there being no statement of facts embodied in the record, this court is without the necessary information to enable it to determine the pertinency and materiality of the questions raised, or their bearing and influence upon the trial.

It was the settled practice of the supreme court, long prior to the organization of this court, not to attempt a revision of any of the questions raised by this motion, in the absence of a statement of facts. It has also been set-

·tled, in like manner, that the ruling of the district court in admitting or excluding testimony on the trial will not be revised on appeal, unless upon a bill of exceptions taken at the time. These rulings have been followed by this court since its organization, as settled rules of practice no longer ·open for discussion, or requiring authority to support them.

The only exception made is in cases of felony, when it is made to appear that one has not been convicted according to law, unless in some matter which the party could be con.sidered as having waived, or which would be cured by ver·dict—such as in *Sutton* v. *The State*, 41 Texas, 541, or in *Trammell* v. *The State*, which will be found in 1 Texas ·Ct. of App. 121, which the present case is unlike in every material respect.

An exception was taken to the sufficiency of the indictment, but it does not appear from the transcript that it was ever presented to the court. If any action was had upon it, such action is not shown by the record. We have, how·ever, examined the indictment, and, testing it by the law, we are of opinion that it is amply sufficient to support the ·conviction.

The charge of the court appears to have been a careful ·exposition of the law of the case, under which the accused would necessarily have been protected in any conceivable ·defense to the charge, and leaving it to the jury to convict of murder of the first or of the second degree, or of manslaughter, or to acquit entirely, as the evidence required, ·drawing the distinction between the different grades of the ·offense, and giving the accused the benefit of proper instructions as to the legal presumption of innocence and the reasonable doubt. No exception was taken to the charge, nor were any additional instructions asked. The record shows that the accused had the benefit of counsel to aid him in his defense on the trial below.

The jury convicted, and the judge before whom the trial

was had refused a new trial. For aught that appears, the accused had the benefit of a fair and impartial trial, and has been legally convicted of the crime charged against him.

The judgment of the district court is affirmed.

*Affirmed.*